# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

RITA M. VASQUEZ, Individually and as the surviving spouse of ROSENDO M. VASQUEZ, deceased
    **Plaintiff,**

v.

UNITED STATES OF AMERICA by and through VETERANS ADMINISTRATION MEDICAL CENTER of Denver, Colorado, and BENJAMIN S. ENGLISH, M.D.
    **Defendants.**

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff, Rita M. Vasquez, individually and as the surviving spouse of Rosendo M. Vasquez, deceased, by and through her counsel, John A. Cimino, hereby submits her Complaint for Damages and Jury Demand and states as follows:

### I.   JURISDICTION AND VENUE

1. This is a Federal Tort Claims Act filed pursuant to 28 U.S.C. §2671, *et seq.*

2. Plaintiffs have satisfied the jurisdictional prerequisite of 28 U.S.C. § 2675 (a) by timely filing an administrative claim against the United States on or about April 26, 2017.

3. Plaintiff received a formal denial of her claims on December 17, 2017.

4. This lawsuit is filed timely within 180 days of that denial by the United States.

5. Jurisdiction in this Court is appropriate pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq.* and 28 U.S.C. §1346(b)(l).

6.      Venue is proper because the negligence of the agents and employees of the Defendant United States of America, causing the injuries hereinafter alleged, occurred within the State and District of Colorado.

## II.    GENERAL ALLEGATIONS

7.      Plaintiff incorporates paragraphs 1 through 6 as if set forth fully herein.

8.      Plaintiff, Rita M. Vazquez is a citizen of the United States and is a resident of the City of Denver, County of Denver, State of Colorado.

9.      At all times relevant hereto, the plaintiff Rita M. Vazquez was married to Rosendo M. Vazquez, deceased, (hereinafter referred to as "decedent") and they were living together as husband and wife.

10.     The United States of America owns and operates a health care facility known as the Veterans Administration Medical Center (hereinafter "VA Hospital") of Denver, Colorado located at 1055 Clermont Street, Denver, CO 80220.

11.     At all times relevant hereto, the physicians and staff of the VA Hospital, whose acts and omissions are referenced herein, were the employees and/or agents of the Defendant United States of America, acting within the course and scope of their employment and in conjunction with other health care providers.

12.     At all times relevant hereto, Benjamin S. English, M.D., was a physician licensed to practice medicine in the State of Colorado.

13.     At all times relevant hereto, Benjamin S. English, M.D. was an employee of the United States and was acting within the course and scope of his office or employment with the VA Hospital.

### III.    FACTUAL ALLEGATIONS

14.    Plaintiffs incorporate paragraphs 1 through 13 as if set forth fully herein.

15.    Decedent, Rosendo M. Vaszquez was born on May 16, 1953.

16.    On November 23, 2015, Rosendo M. Vasquez, deceased, was taken to the V.A. Hospital emergency room by his wife, Rita M. Vasquez for a biopsy.

17.    The biopsy was performed on November 23, 2015.

18.    The biopsy was performed by defendant Benjamin S. English, M.D.

19.    On November 24, 2014, decedent was given a CT scan.

20.    The findings "represent left retroperitoneal hematoma with given clinical history."

21.    Decedent was told by an unknown doctor or staff person that there was an "accident" during his biopsy procedure.

22.    Decedent told his wife and daughter in law what he was told, that there was an accident during his procedure.

23.    Plaintiff, in the presence of her daughter in law, at the VA hospital was also told there was an "accident" during the biopsy procedure.

24.    Plaintiff did not get the name of the person who told her about the accident.

25.    Decedent was discharged from the the VA Hospital a few days after his biopsy.

26.    On December 3, 2015, Rosendo M. Vasquez died at home.

### FIRST CLAIM FOR RELIEF

**(United States of America by and through Veterans Administration Medical Center of Denver, Colorado –** *Negligence*)

27.    Plaintiff incorporates paragraphs 1 through 26 as if set forth fully herein.

28.    On November 23, 2015, decedent placed himself under the care and treatment of the employees and/or agents of the United States of America at the VA Hospital for a biopsy.

3

29.     The employees and agents of the United States of America at the VA Hospital, who undertook decedent's treatment on or about November 23, 2015 and thereafter, were negligent in their care and treatment of decedent.

30.     The employees and agents of the United States of America at the VA Hospital owed decedent a duty to exercise that degree of care, skill, caution, diligence and foresight exercised by and expected of physicians in similar situations.

31.     These defendants deviated from that standard of care and were negligent as follows:

      A.  Failing to properly and adequately perform a kidney biopsy on decedent;

      B.  Discharging decedent from the VA Hospital knowing he was injured during the biopsy;

      C.  Failing to refer decedent to appropriate medical providers so that they could properly and adequately diagnose and treat decedent's failed biopsy.

32.     As a direct and proximate result of the negligence of the above named defendants, decedent Rosendo M. Vasquez suffered injuries and damages resulting in his death.

33.     The negligent acts and/or omissions resulting in his death have caused damages for the lost earnings and loss of home services of decedent, medical costs and expenses, funeral and burial expenses and other economic losses and damages, non-economic losses and damages of Plaintiff Rita M. Vasquez for grief, loss of companionship, pain and suffering, impairment of quality of life and emotional stress, as well as loss of economic support. Therefore, Plaintiff has suffered damages in an amount to be determined by the trier of fact.

## SECOND CLAIM FOR RELIEF

### (United States of America by and through Veterans Administration Medical Center of Denver, Colorado – *Respondent Superior*)

34. Plaintiff incorporates paragraphs 1 through 33 as if set forth fully herein.

35. At all times relevant hereto, the physicians and nursing staff, at the VA Hospital who undertook medical treatment of decedent were employees and/or agents of the United States of America and were acting within the course and scope of their office or employment.

36. Defendant United States of America is responsible for the negligent acts of its employees and/or agents, including but not limited to, Benjamin S. English, M.D., and any medical personnel whose names do not appear in the medical records who may have provided care and treatment to decedent, Rosendo M. Vasquez.

37. As a direct and proximate result of the negligence of the above named defendants, Rosendo M. Vasquez died and Plaintiff has suffered injuries, damages and losses as more fully described above.

## THIRD CLAIM FOR RELIEF

### (Benjamin S. English, M.D. – *Medical Negligence*)

38. Plaintiff incorporates paragraphs 1 through 37 as if set forth fully herein.

39. On or about November 23, 2015, decedent placed himself under the care and treatment of Defendant English, M.D. for a biopsy.

40. With respect to their care and treatment of decedent, Defendant English, M.D. owed a duty to exercise that degree of care, skill, caution, diligence and foresight exercised by and expected of physicians in similar situations.

41. Defendant English, M.D. deviated from that standard of care and was negligent in his care and treatment as stated in paragraphs numbered 31 hereinabove.

42. As a direct and proximate result of the negligence of Defendant English, M.D., Rosendo M. Vasquez died and Plaintiff has suffered injuries, damages and losses as more fully described above.

### FOURTH CLAIM FOR RELIEF

**(United States of America by and through Veterans Administration Medical Center of Denver, Colorado AND Benjamin S. English –** *Lack of Informed consent)*

43. Plaintiff incorporates paragraphs 1 through 42 as if set forth fully herein.

44. None of the defendants obtained decedent's informed consent before performing the biopsy.

45. Had decedent been fully informed that he could die from the biopsy procedure, he would not have undergone the biopsy procedure.

46. Defendants' failure to fully inform decedent of the risks associated with the biopsy procedure was below the applicable standard of care.

47. As a result of not obtaining is informed consent, defendants were negligent.

### FIFTH CLAIM FOR RELIEF

**(United States of America by and through Veterans Administration Medical Center of Denver, Colorado and Benjamin S. English, M.D. ~ medical battery***)*

48. Plaintiff incorporates paragraphs 1 through 47 as if set forth fully herein.

49. Defendants committed medical battery upon the person of the decedent by improperly performing a biopsy on him, resulting in his death.

50. The acts of the defendants caused the decedent's death.

51. Decedent did not contribute to his death.

WHERFORE, Plaintiff, Individually and as the surviving spouse of Rosendo M. Vasquez, deceased, respectfully prays for economic and noneconomic compensatory damages in her favor, individually and on behalf of her husband's estate, and against the defendants jointly and severally in an amount to be determined by the trier of fact, prejudgment interest as allowed by law, post-judgment interest as allowed by law since December 3, 2015, costs, including expert witness fees, filing fees, deposition expenses; attorney fees and for such other and further relief as the Court may deem appropriate, including all costs.

## PLAINTIFF DEMANDS A JURY TRIAL

Respectfully submitted this 15th day of June, 2018.

**CIMINO LAW OFFICES, LLC**

*Original signature on file pursuant to rule*

*/s/ John A. Cimino*
John Cimino, #14032
925 East 17th Avenue
Denver, CO 80218
Phone: 303.813.0000
Fax: 303.860.0529
Email: jcimino2014@aol.com
***Attorney for Plaintiff***

Plaintiff's Address:

3627 Dexter Court
Denver CO 80207